IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| TERENCE BIGGERS, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 5:16-CV-532 (MTT) |
| | ) |
| Sheriff DAVID DAVIS, *et al.*, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Before the Court is the Recommendation (Doc.6) of United States Magistrate Charles H. Weigle concerning Plaintiff Terence Biggers's Complaint (Doc. 1). After screening the Plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Magistrate Judge recommends dismissing the Plaintiff's Fourth Amendment false imprisonment claims as frivolous. Doc. 6 at 7-8. The Magistrate Judge also recommends the Plaintiff's Eighth Amendment claims against Defendants Trinity Food Services and Alfred Haugabrook be dismissed "with leave to amend" and ordered the Plaintiff to amend his complaint. Doc. 6 at 12. Additionally, the Magistrate Judge recommends the Plaintiff's Eighth Amendment claims against Defendants Williams, Brooks, Billingsley, Wooten, Phillips, Saidi, Crawford, Robinson, and Lawrence and his First Amendment retaliation claim be allowed to proceed for further factual development. Doc. 6 at 9-10. The Plaintiff has amended his Eighth Amendment claims against Trinity and Haugabrook and objected to the Recommendation. Doc 17. Thus, the Court has performed a de novo review of the

portions of the Recommendation to which he objects and **ADOPTS as modified** the findings, conclusions, and recommendations of the Magistrate Judge.

In his Objection, the Plaintiff amends his Eighth Amendment claim, in accordance with the Magistrate Judge's instructions. Doc. 17 at 2. However, in doing so, the Plaintiff merely restates the allegations in his complaint. *See id.* The Plaintiff again fails to state a claim as he does not allege that the unsanitary conditions of which he complains are a direct result of a policy or custom of Haugabrook or Trinity Foods. *See, e.g.*, *Bucker v. Toro*, 116 F.3d 450, 452 (11th Cir. 1997). Thus, the Plaintiff's claims against Trinity and Haugabrook are **DISMISSED** for failure to state a claim.

In attempting to amend his claims against Haugabrook and Trinity, the Plaintiff appears to attempt to add claims against additional prison officers that he alleges "cook, prepare, and serve the inadequate meals in Bibb County LEC." Doc. 17 at 2. The Court reads this as a motion to amend or add parties. Courts "should freely give leave [to amend] when justice so requires." Fed. R Civ. P. 15(a)(2). In a finding the Court now adopts, the Magistrate Judge allowed similar claims against prison officials to proceed as failure to provide adequate nutrition may give rise to the level of cruel and unusual punishment. Doc. 6 at 9-10. All but one of the defendants that the Plaintiff now seeks to add are corrections officers. The Plaintiff is currently incarcerated in the Bibb County LEC and, according to his allegations, the Defendants currently work at Bibb County LEC and have continued to commit the alleged constitutional violations up to the time when he filed his Objection, March 9, 2017. *See* Doc. 17 at 2. Therefore, claims against those defendants do not appear to be barred by the applicable two-year statute of limitations and the Court **GRANTS** the motion to amend as to those individuals. But

Ms. Mathis, whom the Plaintiff also seeks to add as a defendant, appears to be an employee of Trinity Food Services and therefore, as to her, the motion to amend is **DENIED** because, like the claims against Haugabrook and Trinity, the Plaintiff fails to state a claim for relief against her. *See id.* Accordingly, the Court **GRANTS in part and DENIES in part** the Plaintiff's motion to amend. The Plaintiff is allowed to add Eighth Amendment claims against Officer Stubbs, Officer Smith, Officer Crumpler, Officer Jones, Officer P. Richard, Officer Collins, Officer Denny, Officer Brinson, Officer Johnson, Officer Maze, Officer Callaway, and Officer Davis.

In his Objection, the Plaintiff also asks to be transferred from Bibb County LEC to another facility because he fears reprisals from the guards that he is suing. Doc. 17 at 3-4. The Court reads this as a motion for injunctive relief and **DENIES** that motion for the following reasons. First, the Plaintiff has not proven the prerequisites for a preliminary injunction: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Palmer v. Braun*, 287 F.3d 1325, 1329 (11th Cir. 2002). Furthermore, the Plaintiff's requested injunction is not narrow or necessary as required by the Prison Litigation Reform Act (PLRA). 18 U.S.C. § 3626(a)(2) ("Preliminary injunctive relief must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm. The court shall give substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the preliminary relief . . . ."); *see also United States v. Sec'y, Florida Dep't of Corr.*, 778 F.3d

1223, 1227 (11th Cir. 2015); *Thomas v. Bryant*, 614 F.3d 1288, 1320 (11th Cir. 2010). Finally, Courts must afford deference to state or local prison officials regarding the day-to-day administration of prisons. *See Preiser v. Rodriquez*, 411 U.S. 475, 491–92 (1973).

Finally, the Plaintiff objects to the Magistrate Judge's denial of his motion to appoint counsel and again moves for appointment of counsel. Doc. 17 at 1. As the Magistrate Judge found, this case does not represent an "exceptional circumstance[ ]" that calls for the appointment of counsel. *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987). The Court **DENIES** this motion.

The Recommendation is **ADOPTED as modified**. The Plaintiff's Fourth Amendment claims against Defendants Sheriff Davis, Captain Boatwright, and the Bibb LEC are **DISMISSED without prejudice**. The Plaintiff's Eighth Amendment claims against Defendants Trinity Food Services and Alfred Haugabrook are **DISMISSED without prejudice**. Meanwhile, the Plaintiff's Eighth Amendment claims against Defendants Williams, Brooks, Billingsley, Wooten, Phillips, Saidi, Crawford, Robinson, and Lawrence are allowed to proceed for further factual development. Additionally, the Plaintiff's motion to amend is **GRANTED in part and DENIED in part** and his Eighth Amendment claims against Defendants Officer Stubbs, Officer Smith, Officer Crumpler, Officer Jones, Officer P. Richard, Officer Collins, Officer Denny, Officer Brinson, Officer Johnson, Officer Maze, Officer Callaway, and Officer Davis are also allowed to proceed. Also, the Plaintiff's First Amendment retaliation claims against Defendants Williams and Robinson are allowed to proceed. Finally the Plaintiff's motions for injunctive relief and appointment of counsel are **DENIED**.

**SO ORDERED**, this 15th day of May, 2017.

                                S/ Marc T. Treadwell
                                MARC T. TREADWELL, JUDGE
                                UNITED STATES DISTRICT COURT